**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VIDEOSQOPE, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>GENERAL TOOLS & INSTRUMENTS, LLC<br><br>          Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which VideoSqope, LLC ("VideoSqope" or "Plaintiff") makes the following allegations against General Tools & Instruments, LLC ("General Tools" or "Defendant").

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 8,558,882 (the "'882 Patent) ("the "Patent-in-Suit").

**PARTIES**

1. Plaintiff VideoSqope is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 211 Tyler, Texas 75702

2. On information and belief, General Tools is a New York limited liability company with its principal place of business at 80 White Street, Suite 1, New York City, NY 10013.  On information and belief, General Tools may be served with process by serving its registered agent, CT Corporation System at 111 8th Avenue, Floor 13, New York, NY 10011-5213.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposely availed itself of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and VideoSqope's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

5. More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, video inspection cameras or borescopes and/or systems including the accused products identified herein that practice the claimed inspection camera/borescope systems of the Patent-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas. Further, Defendant has an interactive website that is accessible from the State of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

7. More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, inspection cameras or

borescopes and/or systems including the Accused Systems identified herein, that practice the claimed borescope systems of the Patent-in-Suit in the State of Texas.  Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas.  Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,558,882

8. Plaintiff is the owner by assignment of the '882 Patent entitled "Self Articulating Behind-Wall Camera" – including all rights to recover for past and future acts of infringement.  The '882 Patent was issued on October 15, 2013.  A true and correct copy of the '882 Patent is attached as Exhibit A.

9. On information and belief, Defendant has been and now is directly infringing the '882 Patent in this judicial district and elsewhere in the United States.  Infringement by Defendant includes, without limitation, making, distributing, importing, offering for sale, selling, advertising, and/or using, without limitation video inspection cameras or borescopes and/or inspection/borescope systems, infringing at least claim 1 of the '882 Patent.  Plaintiff is informed and believes that Defendant infringes by and through at least its manufacture, distribution, offer to sell, sale, and/or use of the products comprising at least the following General Tools' products: iBorescope 2 DCiS2; DCiS1-iBorescope WiFi Enabled Real Time Video Capture system; DCS400-The Seeker 400 Wireless, Recording, Video Inspection System; DCS1800ART-High performance Wireless, Articulating, Recording Video Borescope System; and DCS500-Wireless Recording Video Inspection System ("Accused Systems").  Defendant is thus liable for infringement of the '882 Patent under 35 U.S.C. § 271.

10. On information and belief, Defendant has been and now is directly infringing the '882 Patent in this judicial district and elsewhere in the United States. Infringement by Defendant includes, without limitation, making, distributing, importing, offering for sale, selling, advertising, and/or using, without limitation video inspection cameras or borescopes and/or inspection/borescope systems, infringing at least claim 19 of the '882 Patent. Plaintiff is informed and believes that Defendant infringes by and through at least its manufacture, distribution, offer to sell, sale, and/or use of the products comprising at least the following General Tools' products: iBorescope 2 DCiS2; DCiS1-iBorescope WiFi Enabled Real Time Video Capture system; DCS400-The Seeker 400 Wireless, Recording, Video Inspection System; DCS1800ART-High performance Wireless, Articulating, Recording Video Borescope System; DCS500-Wireless Recording Video Inspection System; DCS 2000; Palm Scope™ (DCS950); DCS1600, DCS1600ART, and H-16w/probe-High Performance Recording Video Borescope System; DCS350-Ruggedized Recording Video Inspection System; DCS1100-High Performance Video Borescope System; DCS 600 / DCS 660; DCS800 Rugged Compact High-performance VGA Recording Video Borescope System; DCS1700-Viper-1700-High-Performance VGA Recording Video Borescope System; and DCS200 / 300 – Video Inspection System ("Accused Systems"). Defendant is thus liable for infringement of the '882 Patent under 35 U.S.C. § 271.

11. Each of Defendant's aforesaid activities has been without authority and/or license from VideoSqope.

12. VideoSqope is entitled to recover from Defendant the damages sustained by VideoSqope as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. In favor of Plaintiff that Defendant has infringed the '882 Patent;

2. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '882 Patent as provided under 35 U.S.C. § 284; and

3. Granting Plaintiff any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 30, 2015            Respectfully submitted,

/s/ Todd Y. Brandt
Todd Y. Brandt
State Bar No. 24027051
STEVENS HENRY
P.O. Box 3427
Longview, Texas 75606
Telephone:  (903) 753–6760
Facsimile:  (903) 753–6761
todd@stevenslove.com

Attorneys for VideoSqope, LLC